UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE EUGENE TASSEY,<br>        Plaintiff,<br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>TRANSPORTATION (CALTRANS), et al.,<br>        Defendants. | Case No. 23-cv-05041-AMO<br><br>**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 1, 3 |

Pro se Plaintiff Jesse Eugene Tassey has filed an Ex Parte Application for a Temporary Restraining Order and Complaint for Injunctive Relief. The Court has reviewed the Application and Complaint, the incorporated Memorandum of Points and Authorities, and Defendants' Opposition. Having carefully considered the parties' papers, the relevant legal authority, and the arguments advanced by the parties during the hearing held on October 3, 2023, the Court **GRANTS** the Application for a Temporary Restraining Order.

**I.  BACKGROUND**

Tassey's papers indicate that he has lived alone in a small, isolated embankment on Caltrans property for the last eight months. ECF 1 at 1, 14. He has a small camp there, with food, clean water and shelter from extreme heat.[1]  *Id.* at 1, 6. It is the only place where his case manager, who is assisting Tassey with locating housing, can reach him. *Id.* at 1, 7. He does not have a phone, and he is afraid that leaving his camp will mean losing contact with his case

---

[1] Tassey requests that the Court take judicial notice of the National Weather Service forecast for Novato for the current week. *See* ECF 1 at 6. Pursuant to Fed. R. Evid. 201(b), the Court grants the request. The forecast shows multiple days of 90-degree heat.

1  manager. *Id.* at 7.

2  On September 29, 2023, Defendants posted a Notice to Vacate Campsite at Tassey's

3  location. *Id.* at 2, 18. The Notice states that "Every person who camps or lodges or stores

4  property on State property without permission of the owner is guilty of a misdemeanor violation of

5  California law." *Id.* at 18. The Notice lists violations of California Penal Code § 647(e) and

6  California Vehicle Code § 23112(b). Section 647(e) of the California Penal Code makes it a

7  misdemeanor to "lodge[] in any building, structure, vehicle, or place, whether public or private,

8  without the permission of the owner or person entitled to the possession or in control of it." Cal.

9  Penal Code § 647(e). Section 23112(b) of the California Vehicle Code provides that "No person

10 shall place, deposit, or dump, or cause to be placed, deposited, or dumped, any rocks, refuse,

11 garbage, or dirt in or upon any highway, including any portion of the right-of-way thereof, without

12 the consent of the state or local agency having jurisdiction over the highway." Cal. Veh. Code

13 § 23112(b).

14 The Notice gives the following "Instructions to Occupants:"

15  1. ALL PERSONAL PROPERTY AND CAMP DEBRIS IS TO BE REMOVED BY THE TIME AND DATE NOTED BELOW.

16  2. ANY PERSONAL PROPERTY LEFT AT THIS SITE AFTER THIS TIME WILL BE CONSIDERED ABANDONED.

17  3. ANY PERSONAL PROPERTY NOT DISPOSED OF WILL BE STORED FOR SIXTY (60) DAYS. TO RECLAIM PROPERTY CALL: (707) 762-6641.

    FAILURE TO RECLAIM BY SIXTY (60) DAYS FROM REMOVAL WILL RESULT IN ITS' DISPOSAL.

18  4. CONTINUED VIOLATIONS WILL RESULT IN CITATION AND/OR ARREST.

24 ECF 1 at 18 (capitalization in original). The "Vacate By Date" is October 1, 2023. *Id.* The

25 "Removal Start Date" is October 2, 2023. *Id.* The "Removal End Date" is October 6, 2023. *Id.*

26 The Notice states Community Service Assistance is available at the California Highway Patrol

27 Marin Office and provides a contact phone number. *Id.*

28 Tassey has no other shelter and has not been offered any other shelter. *Id.* at 11. He has a

1   knee injury and states it will take him two weeks to find a new place to camp and move his

2   belongings.[2] *Id.* at 13.  He asks that the Court issue a temporary restraining order so that (1) he

3   has time to relocate and (2) is provided with storage for his belongings as required under

4   California Civil Code § 2080.  *Id.* at 15.

5   **II.     LEGAL STANDARD**

6         A temporary restraining order may be granted where plaintiffs (1) are likely to succeed on

7   the merits; (2) are likely to suffer irreparable harm in the absence of preliminary relief; (3) the

8   balance of equities tips in their favor; and (4) an injunction is in the public interest.  *Winter v.*

9   *Natural Resources Defense Council. Inc.*, 555 U.S. 7, 20 (2008).  With respect to the success on

10  the merits and balance of harms factors, courts permit a strong showing on one factor to offset a

11  weaker showing on the other, so long as all four factors are established.  *Alliance for the Wild*

12  *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  "Thus, when plaintiffs establish that the

13  balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the

14  injunction is in the public interest, they need only show 'serious questions' on the merits." *Where*

15  *Do We Go Berkeley v. Cal. Dep't of Trans.*, 32 F.4th 852, 859 (9th Cir. 2022) (citation omitted).

16  Moreover, the Ninth Circuit has held that "'serious questions going to the merits' and a hardship

17  balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the

18  other two elements of the Winter test are also met."  *See Alliance for the Wild Rockies*, 632 F.3d at

19  1132.

20  **III.    DISCUSSION**

21        Addressing each relevant factor in turn, the Court finds that the circumstances presented

22  warrant immediate temporary relief.

23        Tassey raises serious questions that the Defendants will violate his constitutional rights by

24  forcing him to relocate or abandon his personal property on one business days' notice, without

25  other available shelter, without clarity as to which of his belongings will be discarded and which

---

[2] During the hearing, Tassey confirmed that he can relocate in two weeks and that he will do so.

will be stored,[3] and without confirmation that safeguards previously imposed by a class action settlement would protect Tassey's property here.[4]  *See Blain v. Cal. Dep't of Trans.*, 616 F. Supp. 3d 952, 957 (N.D. Cal. 2022) (finding "serious questions going to the merits" where planned removal of plaintiffs from encampment, "when done without sufficient warning or plans for shelter, would expose them to unjustifiable dangers they otherwise would not face."), *order dissolved*, No. 3:22-CV-04178-WHO, 2022 WL 3702106 (N.D. Cal. Aug. 26, 2022); *Janosko v. City of Oakland*, No. 3:23-CV-00035-WHO, 2023 WL 187499, at *3 (N.D. Cal. Jan. 13, 2023) ("Alleging that the government demolished an unhoused individual's shelter and property essential to protection from the elements including cold and freezing temperatures, rain, and other difficult physical conditions is sufficient to state a claim for state-created danger under the Fourteenth Amendment.") (internal quotation marks omitted).

Tassey has also demonstrated a likelihood of irreparable injury.  Absent relief, Tassey risks losing his personal property, shelter, and access to food and clean water during a week expected to have multiple days of 90-degree weather.  This satisfies the required showing.  *See Blain*, 616 F. Supp. 3d at 958 ("Being exposed to safety and health threats by dint of governmental action with short notice meets the irreparable-injury element."); *Lavan*, 693 F.3d at 1029 ("For many of us, the loss of our personal effects may pose a minor inconvenience. . . .  [T]he loss can be devastating for the homeless.").  That Tassey may lose contact with the case manager who is helping him

---

[3] When asked at oral argument, Defendants' counsel could not give a definition of "personal property" as the term is used in the Notice to Vacate but did explain that certain items could be discarded as hazardous materials.

[4] During the hearing, the Court asked Defendants' counsel whether certain protections imposed by a class action settlement in state litigation—*Sanchez v. California Department of Transportation*, No. RG16842117 (Cal. Sup. Ct. Oct. 23, 2020)—were still in effect.  Counsel could not confirm.  This heightens the real concerns about the risk of destruction or loss of Tassey's personal property.  *Compare Blain*, 616 F. Supp. 3d at 959 ("Between that [*Sanchez*] judicial decree and the several weeks of delay that the plaintiffs will have under this Order to remove their own possessions, the plaintiffs have not made a sufficient showing of the risk of an unconstitutional seizure.").  *See also v. City of Los Angeles*, 693 F.3d 1022, 1029 (9th Cir. 2012) ("[T]he unabandoned property of homeless persons is not beyond the reach of the protections enshrined in the Fourth and Fourteenth Amendments.").

secure housing because he has no phone or other means of contacting that person further bolsters this finding.

In light of this, and given that Tassey has lived at his camp for the last eight months and seeks a TRO only for the length of time needed for him to relocate, the balance of hardships tips sharply in his favor. *See Blain*, 616 F. Supp. 3d at 958 ("The balance of equities sharply tilts in the plaintiffs' favor for a period long enough to give them adequate notice of the action, time to make alternative plans, and time for the relevant governmental entities to help locate shelter (as they have committed to trying).").

The Court also finds that the public interest weighs in favor of granting Tassey's application, as doing so provides a "a stopgap to prevent a particular violation of constitutional rights that results from the combination of lack of notice and failure to provide alternative shelter." *See id.* at 654; *Janosko*, 2023 WL 187499, at *4 ("[A] short, defined delay in the planned evictions is in the public interest."). Given the temporary nature of the relief granted, the Court emphasizes that Tassey must honor the representations he made during the hearing, that is, that he could move in the coming weeks and would do so. Defendants dispute that any representative has granted Tassey two weeks to do so, *see* ECF 10, and so, the Court issues this Order to safeguard Tassey's constitutional rights and to allow him that limited time.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application for Temporary Restraining Order and **ORDERS** as follows:

### TEMPORARY RESTRAINING ORDER

This TRO applies to the named defendants; their officers, agents, servants, employees, and attorneys; and persons who are in active concert or participation with the foregoing individuals and entities. These individuals and entities are hereby **RESTRAINED** from proceeding with planned removal of persons, personal possessions, and structures from Plaintiff's camp.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

1. The Court **GRANTS** Plaintiff's application to proceed forma pauperis. ECF 3.
2. The Clerk is **ORDERED** to issue Summons.

5

3.  Because Defendants have not waived service, *see* ECF 10, the U.S. Marshall shall serve, without prepayment of fees, a copy of Plaintiff's Ex Parte Application for a Temporary Restraining Order and Complaint, any scheduling orders or other documents specified by the Clerk, and this Order upon the Defendants. Proof of such service shall be filed no later than **October 5, 2023**.

4.  The Clerk shall mail a copy of this Order to Plaintiff's given address:

> Jesse Eugene Tassey
> Novato General Delivery
> 1537 S. Novato Blvd.
> Novato, CA 94947

5.  Defendants shall also post a copy of this Order where the Notice to Vacate Campsite was posted. Defendants shall file a notice of compliance with this requirement by no later than **5:00 p.m. on October 4, 2023**.

### ORDER TO SHOW CAUSE

Each party is Ordered to Show Cause as to whether a preliminary injunction should be entered for relief beyond **October 18, 2023**, namely an order to restrain and enjoin Defendants and their agents, assigns, and/or transferees, from clearing Plaintiff's camp after such a date.

1.  Each party is to respond to the Order to Show Cause, in writing, by no later than **October 13, 2023 at 12:00 p.m.**

2.  A Zoom hearing on the Order to Show Cause for a Preliminary Injunction shall be held on **October 17, 2023 at 3:00 p.m.**

3.  The Court will entertain a modified schedule for briefing and hearing, and an extension of the Temporary Restraining Order, if presented by stipulation of the parties.

**IT IS SO ORDERED.**

Dated: October 4, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

6